IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **LONE STAR SCM SYSTEMS, LTD.,**<br>**Plaintiff,**<br><br>v.<br><br>**ZEBRA TECHNOLOGIES**<br>**CORPORATION,**<br>**Defendant.** | 6:21-cv-00842-ADA |

**ORDER GRANTING ZEBRA TECHNOLOGIES CORPORATION'S**
**OPPOSED MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Before the Court is Defendant Zebra Technologies Corporation's ("Zebra") Opposed Motion to Stay Pending Resolution of *Inter Partes* Review filed on February 28, 2023. ECF No. 77 (the "Motion"). Plaintiff Lone Star SCM Systems, Ltd. ("Lone Star") filed an opposition on March 7, 2023, ECF No. 78, to which Zebra replied on March 14, 2023, ECF No. 80. After careful consideration of the Motion, the parties' briefing, and the applicable law, the Court **GRANTS** Zebra's Opposed Motion to Stay Pending Resolution of *Inter Partes* Review, ECF No. 77.

**I. BACKGROUND**

Lone Star filed this Action on August 12, 2021. ECF No. 1. Lone Star alleges that Zebra infringes U.S. Patent Nos. 7,557,711 (the "'711 patent"), 9,646,182 (the "'182 patent"), 9,996,717 (the "'717 patent"), and 10,482,293 (the "'293 patent") (collectively, the "asserted patents"). ECF No. 50. On August 16, 2022, Zebra filed four petitions to the Patent Trial and Appeal Board ("PTAB") for *Inter Partes* Review ("IPR") of each of the asserted patents. ECF No. 77 at 2. The PTAB instituted all four petitions on February 24, 2023. *Id.* at 2−3.

The *Markman* hearing in this Action is scheduled for August 7, 2023, ECF No. 84, and fact discovery opened on June 5, 2023, ECF No. 81. On February 28, 2023, Zebra filed the instant

1

Motion seeking a stay of this Action pending final resolution of the three IPR proceedings. ECF No. 77. The PTAB is expected to issue final written decisions ("FWDs") on the IPRs on or before February 23, 2024. *Id.* at 2−3. And this Court, in accordance with its default scheduling order, has set trial for June 24, 2024. ECF No. 81.

## II. LEGAL STANDARD

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also CyWee Grp. Ltd. V. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.).

## III. ANALYSIS

### A.    Undue Prejudice to the Non-moving Party

The Court finds that a stay would inflict undue prejudice upon non-movant Lone Star for at least the following two reasons.

First, a stay risks the loss of testimonial and documentary evidence potentially valuable to Lone Star's case. *See Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of ten months would "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606,

at *1 (E.D. Tex. Apr. 2, 2015); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (holding that delay also risks making witnesses harder to find).

Some factors may diminish this risk, like where the requested stay is of a brief and definite duration. That factor is missing here where the requested stay extends to the conclusion of any appeals from Zebra's IPRs, ECF No. 77 at 9, which will almost certainly drag on for the better part of a year *after* the FWDs. *See Multimedia Content Mgmt. LLC v. Dish Network*, No. 6:18-CV-00207-ADA, 2019 U.S. Dist. LEXIS 236670, at *5 (W.D. Tex. May 30, 2019) (noting the length of appeal and the statutory scheme's provision for delaying a FWD by six months if necessary).

The risk is less pronounced where the proceeding-to-be-stayed and the parallel proceeding implicate discovery of a similar scope and evidence in the latter can later be used in the former. *Cf. Kirsch Research & Dev., LLC v. BlueLinx Corp.*, No. 6:20-cv-00316-ADA, 2021 U.S. Dist. LEXIS 191694, at *12 (W.D. Tex. Oct. 4, 2021) (suggesting that a manufacturer suit may preserve evidence relevant to a customer's suit). These factors are typically not implicated in motions to stay pending IPR because IPRs have limited scope—only patentability based on published prior art—and even more limited discovery. *See* 35 U.S.C. § 311(b) (providing the limited scope of patentability challenges in an IPR petition); 37 C.F.R. § 42.51 (providing the limited scope of discovery in IPR proceedings).

The second reason a stay may unduly prejudice Lone Star is that Lone Star, like all patentees, has an interest in the timely enforcement of its patent rights. *See Kirsch Research & Dev., LLC v. Tarco Specialty Products, Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021) (citing *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015)). The Federal Circuit has long held

that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed." (quoting *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970))). Congress has recognized as much, establishing the PTAB to provide a forum for the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). The impact of this interest is diminished here because: the PTAB is expected to issue the FWDs before this Court is scheduled to try this case; and a stay "would merely delay Plaintiff's potential monetary recovery."[1] *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021).

Given the foregoing, this factor slightly weighs against granting a stay.

### B.   Stage of the Proceedings

The stage of this action weighs slightly against granting a stay. "[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595 (2014). This case is still in its relatively early stages. Fact discovery recently opened on June 5, 2023. ECF No. 81. The *Markman* hearing has not yet occurred and is scheduled to take place on August 7, 2023. ECF No. 84.

Given the foregoing, this factor weighs only slightly against granting a stay.

---

[1] To be clear, seeking only monetary relief does not mean that a stay would not prejudice a plaintiff whatsoever.

### C. Simplification of Issues

Finally, the Court considers whether a stay will simplify the issues in this Action. This is the "most important factor" in the stay analysis. *Tarco*, 2021 WL 4555804, at *3 (citing *NFC Tech.*, 2015 WL 1069111, at *4). Under this factor, the Court will typically weigh: (1) the scope of estoppel the movant is bound by and (2) the strength of the relevant IPR petitions in the context of the asserted claims. As a general matter, the PTAB's suggestion that an IPR petition contains strong grounds for invalidating all the asserted claims, combined with the movant's acceptance of a broad estoppel, suggests that a stay would simplify issues.

1. <u>Scope of Estoppel Attaching to Zebra</u>

Section 315(e) of Title 35 subjects IPR petitioners to estoppel once the PTAB issues a FWD. Zebra will be estopped from asserting in district court that the claims the PTAB subjected to IPR are invalid over the combinations instituted upon *and* any grounds Zebra reasonably could have asserted against those claims in its IPR petitions. *See Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022). This is a fairly broad estoppel.

2. <u>Strength of Zebra's IPR Petitions</u>

The degree to which this Action will be simplified is a function of not just the scope of estoppel attached to Zebra, but also how many asserted claims survive the FWDs. Assuming the Zebra IPRs reach FWDs, there are only three outcomes relevant for our purposes: (1) all the asserted claims fall; (2) all the asserted claims survive; or (3) some of the asserted claims survive.

As to the first outcome, it is undoubtedly true that FWDs judging all the asserted claims unpatentable would dispose of this Action (assuming Zebra can defend its victory on appeal). *See Tarco*, 2021 WL 4555804, at *3. As to the second outcome, such a result would narrow the universe of prior art asserted before this Court, but it would still permit Zebra to take another bite at the invalidity apple. Estoppel under § 315(e) is broad but would not foreclose Zebra from

5

challenging the asserted claims using system prior art or applicant admitted prior art ("AAPA")—maybe even combined with prior art publications used in the IPRs. It is unclear how forcing the defendant to rely on other prior art for its invalidity case constitutes a "simplification" of the invalidity issue as opposed to simply a second chance to invalidate the asserted claims with art that may be better than what the defendant could submit to the PTAB. *See USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021). It is unlikely, then, that this action would be much simplified where the IPRs leaves all asserted claims unscathed. The third outcome, in which only some claims survive, is an improvement upon the second in that it would narrow not only the universe of prior art, but also the number of asserted claims. As with the second outcome, it would still permit Zebra to put on an invalidity case under §§ 102 or 103.

To better gauge what outcome to expect from the FWDs, and therefore what degree of simplification to expect from a stay, the Court looks to the relevant institution decision. For this factor to favor granting a stay, the movant "must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim." *Tarco*, 2021 WL 4555804, at *3 (quoting *Scorpcast v. Boutique Media*, No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751, at *3 (E.D. Tex. June 7, 2021)). Zebra has shown that the PTAB is likely to invalidate each of the asserted claims.

The PTAB instituted IPR proceedings against every asserted claim of the '711 patent. The IPR challenges claims 1, 3−10, 15, 16, and 18 of the '711 patent. ECF No. 77-2 at 2. With respect to claim 1, the PTAB determined that there was a reasonable likelihood that Zebra would prevail in establishing the unpatentability of at least independent claim 1. *Id.* at 12. Moreover, the Court notes that the PTAB provided an element-by-element analysis, resolving most, if not all, disputes

in Zebra's favor. *Id.* at 16−21. As for claims 3−5, 8−10, 15, and 16, the PTAB determined that Zebra has shown a reasonable likelihood of prevailing on these claims as well. *Id.* at 22. The PTAB explained that "[t]he remaining challenged claims are all dependent claims for which Patent Owner does not present arguments beyond those regarding independent claim 1." *Id.* For claims 6 and 18, the PTAB did not explicitly reach a determination of whether Zebra had shown a reasonable likelihood of prevailing on these claims, but stated, "[t]he parties may address further during trial the disputed issues pertaining to this ground." *Id.* at 24−25. Similarly, for claim 7, the PTAB did not reach a determination of whether Zebra had shown a reasonable likelihood of prevailing on this claim, but stated that the parties may address the issues raised at trial. *Id.* at 26.

The PTAB also instituted IPR proceedings on every asserted claim of the '182 patent. This IPR challenges claims 1−4, 6−7, 10−19, 21, and 22 of the '182 patent. ECF No. 77-3 at 2. For claims 1, 3, 4, 10−17, 21, and 22, the PTAB determined that Zebra had shown a reasonable likelihood that it would prevail in establishing unpatentability of each of these claims. *Id.* at 16. The Court notes that the PTAB provided an element-by-element analysis for independent claim 1 and dependent claim 3, resolving most, if not all, disputes in Zebra's favor. *Id.* at 19−25. For claim 17, the PTAB explained that recites a method of operating a system that is the same as or similar to the apparatus in claim 1. *Id.* at 25. For claims 4, 10−16, 21, and 22, the PTAB noted that these claims are dependent claims and Lone Star did not present arguments beyond the arguments presented for the independent claims. *Id.* For claims 2 and 18, the PTAB determined that Zebra had shown a reasonable likelihood that it would prevail in establishing unpatentability of these claims. *Id.* at 32. For dependent claims 6, 7, and 19, the PTAB did not reach a determination of whether Zebra had shown a reasonable likelihood that it would prevail with respect to these claims, but stated that the parties may address the issues raised further during trial. *Id.* at 35−37.

Additionally, the PTAB instituted IPR proceedings on every asserted claim of the '717 patent. This IPR challenges claims 1−4 and 6−20 of the '717 patent. ECF No. 77-4 at 2. For claims 1, 3, 4, 8−16, 19, and 20, the PTAB determined that Zebra had shown a reasonable likelihood that it would prevail in establishing the unpatentability of these claims. *Id.* at 20. The Court notes that the PTAB provided an element-by-element analysis of independent claim 1 and dependent claim 3. *Id.* at 23−31. The PTAB explained that claim 15 recites a method of operating a system that is the same or similar to the apparatus of claim 1. *Id.* at 31. For claims 4, 8−14, 16, 19, and 20, the PTAB also noted that the remaining claims are all dependent and Lone Star does not present arguments beyond those regarding claim 1. *Id.* For claim 2, the PTAB analyzed Lone Star's arguments and determined that Zebra had shown a reasonable likelihood of prevailing on the challenges to this claim. *Id.* at 38. For dependent claims 6, 7, 17, and 18, the PTAB did not reach a determination of whether Zebra had shown a reasonable likelihood that it would prevail with respect to these claims, but stated that the parties may address further these issues further during trial. *Id.* at 40−43.

Lastly, the PTAB instituted IPR proceedings on every asserted claim of the '293 patent. The IPR challenges claims 1−8, 10−12, and 14−22 of the '293 patent. ECF No. 77-5 at 2. The PTAB determined that Zebra had shown a reasonable likelihood that it would prevail in establishing unpatentability of 1−8, 12, and 14−22. *Id.* at 20. The Court notes that the PTAB provided an element-by-element analysis of independent claim 1. *Id.* at 23−27. As for independent claim 17, the PTAB determined that this claim recites a method of using a system that is the same as or similar to the apparatus of claim 1. *Id.* at 27. And the PTAB determined that claims 2−8, 12, 14−16, 18−22 were all dependent and Lone Star did not present arguments on these claims beyond those for claim 1. *Id.* For dependent claims 10 and 11, the PTAB did not reach a determination of

whether Zebra had shown a reasonable likelihood that it would prevail with respect to these claims, but stated that the parties may address these issues raised further during trial. *Id.* at 30.

This case is closer to *Tarco*, 2021 WL 4555804, at *3, than to *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *5 (W.D. Tex. June 27, 2022). In the former, the Court granted a stay based in part on the institution decisions "explicitly f[inding] a reasonable likelihood that the two asserted claims were both invalid on four distinct grounds each," and the existence of two other pre-institution IPR petitions pending against the asserted claims. *Tarco*, 2021 WL 4555804, at *3. In the latter, the Court denied a stay in part because the institution decision provided little analysis and explicitly stated that the petition established a reasonable likelihood it would prevail in rendering one independent claim obvious on one ground while omitting similar statements from its evaluation of other grounds *and* other independent claims. *LG*, 2022 WL 2307475, at *5. While the PTAB did not explicitly state that Zebra had shown a reasonable likelihood that it would prevail on *every* claim that it challenged, the PTAB did state that Zebra had shown a reasonable likelihood that it would prevail for every independent claim in the asserted patents. The PTAB also determined that Zebra had shown a reasonable likelihood that it would prevail for most of the dependent claims of the asserted patents. Thus, based on the PTAB's analysis in its institution decisions, there is a reasonable likelihood that the IPR proceedings will significantly alter the scope of this case. The PTAB is expected to issue the FWDs for each IPR proceeding in February 2024, months before trial is set in this case.

Given the foregoing, this factor weighs in favor of granting a stay.

### IV. CONCLUSION

The Court finds that, in this case, the simplification-of-issues factor weighs in favor of a stay and the other two factors do not weigh heavily against a stay. The PTAB will issue its earliest FWD before this case makes it to trial, which attenuates the prejudice a stay would inflict upon

9

Lone Star. The Court finds that, given the PTAB's institution decision, there is a good chance the PTAB will find at least some, if not all, of the asserted claims unpatentable. The risk that continued litigation of this Action will be wasteful now dominates the strong concerns that a stay will prejudice Lone Star, though only just.

For the foregoing reasons, the Court will exercise its discretion to **GRANT** Zebra's Opposed Motion to Stay Pending Resolution of *Inter Partes* Review of All Asserted Claims of the Asserted Patent, ECF No. 77. It is therefore **ORDERED** that the above-captioned matter is **STAYED** pending final resolution of the proceedings in IPR2022-01374, IPR2022-01375, IPR2022-01376, and IPR2022-01377.

Until the stay is lifted, Zebra is instructed to enter notices onto the docket when: (1) each proceeding reaches a FWD; (2) when either party appeals any such FWD; and (3) when an order issues from any such appeal.

**SIGNED** this 31st day of July, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE